UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                       Plaintiff,

v.                                                                    5:12-CV-0127
                                                                       (GTS/DEP)
JOHN M. CAFOLLA,

                                       Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

MANFREDI LAW GROUP, PLLC                       JOHN S. MANFREDI, ESQ.
   Counsel for Plaintiff
302 East 19th Street, Suite 2A
New York, NY 10003

JOHN M. CAFOLLA
   Defendant, *Pro Se*
6 Baldwig Road
Pulaski, NY 13142

GLENN T. SUDDABY, United States District Judge

## **MEMORADUM-DECISION and ORDER**

Currently before the Court, in this student debt collection action filed by the United

States of America ("Plaintiff") against John M. Cafolla ("Defendant"), is Plaintiff's amended

motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Dkt. No. 7.)  For the reasons set

forth below, Plaintiff's amended motion is granted in part and denied in part.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint asserts the following two claims: (1) a claim that Defendant is indebted to Plaintiff for the outstanding principal balance on a loan he took out through the Federal Family Education Loan Program ("Loan 1") in the amount of $5,511.23, plus prejudgment interest at a rate of 2.47 percent per year from June 12, 2003, to June 28, 2010, which (allegedly) amounts to $1,804.12; and (2) a claim that Defendant is indebted to Plaintiff for the outstanding principal balance on a loan he took out through the William D. Ford Federal Direct Loan Program ("Loan 2") in the amount of $3,681.79, plus prejudgment interest at a rate of 2.47 percent per year from February 22, 2003, to June 28, 2010, which (allegedly) amounts to $1,395.52.  (Dkt. No. 1 & Exs. A-B.)

As relief, Plaintiff's Complaint requests (1) the above-described sums, (2) prejudgment interest for Loans 1 and 2 at the same 2.47 percent rate used to calculate the prejudgment interest, from June 28, 2010, to the date of judgment, (3) post-judgment interest for Loans 1 and 2 pursuant to 28 U.S.C. § 1961, (4) all administrative costs and service-of-process costs allowed by law, and (5) attorneys' fees allowed by law or contract.  (*Id*.)

### B.      Plaintiff's Service of Its Complaint and Defendant's Failure to Answer

On January 27, 2012, Plaintiff served its Complaint on Defendant.  (Dkt. No. 3.)  As of the date of this Memorandum-Decision and Order, Defendant has filed no Answer to that Complaint.  (*See generally* Docket Sheet.)

2

**C.      Clerk's Office's Entry of Default and Defendant's Non-Appearance**

On February 24, 2012, Plaintiff requested that the Clerk of the Court enter default against Defendant pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 4.)[1]  On February 24, 2012, the Clerk of the Court entered that default.  (Dkt. No. 5.)  As of the date of this Memorandum-Decision and Order, Defendant has not appeared in this action and/or attempted to cure that entry of default. (*See generally* Docket Sheet.)

**D.      Plaintiff's Motion and Amended Motion for Default Judgment, and Defendant's Non-Response**

On February 24, 2012, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Dkt. No. 6.)  As relief, Plaintiff requested as follows: (1) the outstanding principal balance on Loan 1 in the amount of $5,511.23 plus prejudgment interest at a rate of 2.47 percent per year from June 12, 2003, to an unspecified date, in the amount of $1,304.47; (2) the outstanding principal balance on Loan 2 in the amount of $3,681.79 plus prejudgment interest at a rate of 2.47 percent per year from February 22, 2003, to an unspecified date, in the amount of $904.78; (3) attorney's fees in the amount of $3,420.68; (4) service-of-process fees totaling $70.00; and (5) filing fees totaling $250.00.  (*Id*.)  In support of his request for attorney's fees, Plaintiff argued, in a three-page document labeled as an "Application," that (1) Defendant signed a promissory note obligating him to pay attorney's fees, and (2) the United States of America has agreed to pay Plaintiff's counsel a contingent fee of 30.0% on all amounts collected in this matter.  (*Id*.)

---

[1]      The Court notes that, in its request for an entry of default, Plaintiff used the incorrect Defendant's name in Paragraph 2 of its supporting declaration.  (Dkt. No. 4, at ¶ 2.) However, Plaintiff used the correct Defendant's name in other portions of its declaration and correctly used Case No. 5:12-CV-00127 to identify this case.  (*See generally* Dkt. No. 4.)  As a result, the Court finds that Plaintiff's request for an entry of default was, and is, sufficient under Fed. R. Civ. P. 55(a).

On February 27, 2012, the Clerk of the Court advised Plaintiff's counsel that a motion for default judgment requires (1) a notice of motion setting forth the motion return date (which is 31 days from the date of filing) and (2) a memorandum of law in support of a attorneys fees portion of the motion.  (Docket Entry filed Feb. 27, 2012.)

On February 29, 2012, the Clerk of the Court recommended to Plaintiff's counsel that "he submit a memorandum of law in support of his motion for attorneys' fees and attach a record of his hours and expenses to be considered by this Court."  (Text Notice filed Feb. 29, 2012.)

On March 2, 2012, Plaintiff filed an amended motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Dkt. No. 7.)  As relief, Plaintiff requests as follows: (1) the outstanding principal balance on Loan 1 in the amount of $5,511.23 plus prejudgment interest at a rate of 2.47 percent per year from June12, 2003, to an unspecified date, in the amount of $1,304.47; (2) the outstanding principal balance on Loan 2 in the amount of $3,681.79 plus prejudgment interest at a rate of 2.47 percent per year from February 22, 2003, to an unspecified date, in the amount of $904.78; (3) attorney's fees in the amount of $3,420.68; and (4) service-of-process fees totaling $55.00.  (*Id*.)  In response to the Clerk of the Court's notice that his motion must be supported by a memorandum of law, Plaintiff resubmitted the application it submitted in support of its original motion, with the words "Memorandum of Law" inserted into the title. (*Id*.)

Familiarity with the particular grounds of Plaintiff's amended motion for default judgment, and the relief requested therein, is assumed in this Memorandum-Decision and Order, which is intended primarily for review of the parties.

As of the date of this Memorandum-Decision and Order, Defendant has filed no response to either the motion or the amended motion.  (*See generally* Docket Sheet.)

## II.      RELEVANT LEGAL STANDARD

### A.      Legal Standard Governing Motions for Default Judgment

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must

follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-

7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party

fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008

WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the

party seeking default judgment is required to present its application for entry of judgment to the

court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an

opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed.

R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may

direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the

court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When the Court considers a motion for the entry of a default judgment, it must "accept[ ]

as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*.,

653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the

damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental*

*Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL

4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v.*

*Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must

'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'"

*Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009

WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry

5

"involves two tasks: (1) determining the proper rule for calculating damages on such a claim, and (2) assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155.  Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### B.    Legal Standard Governing Request for Pre-Judgment Interest

Generally, the purpose of prejudgment interest is to put a party in the position that it would have been in had it been paid immediately.  Prejudgment interest is designed to ensure that a party is fully compensated for its loss.  *See City of Milwaukee v. Cement Div. Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995); *Rodgers v. United States*, 332 U.S. 371, 373 (1947) (explaining that a party "who has suffered actual money damages by another's breach . . . should be fairly compensated" by entry of appropriate interest).  Prejudgment interest is usually awarded in situations where economic injuries have been sustained.  *McDow v. Rosado*, 657 F. Supp. 2d 463, 464 (S.D.N.Y. 2009).  Prejudgment interest typically accrues from the date of the loss or from the date on which the claim accrued.  *West Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987); *Cornell Univ. v. Hewlett-Packard Co.*, 01-CV-1974, 2009 U.S. Dist. LEXIS 41408 at *10 (N.D.N.Y May 15, 2009) (Rader, J.) ("[P]rejudgment interest ordinarily is awarded from the date of infringement until entry of judgment.").

The Court has broad discretion in calculating a rate of interest for an award of prejudgment interest.  "There is no federal statute that purports to control the rate of prejudgment interest." *Jones v. UNUM Life Ins. Co. of Am.,* 223 F.3d 130, 139 (2d Cir. 2000).  The Second Circuit has not definitively spoken concerning the particular methodology to be employed in choosing an interest rate for prejudgment interest.  *See Endico Potatoes, Inc. v. CIT*

*Group/Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995) (stating that the rate used for pre-judgment interest is confided to the district court's discretion).  Thus, the fashioning of relief and the assessment of prejudgment interest are committed to the district court's sound discretion.  *Kinek v. Paramount Commc'ns*, 22 F.3d 503, 508 (2d Cir. 1994) (affirming award of prejudgment interest at the rate of 9.5 percent).

### C.   Legal Standard Governing Request for Post-Judgment Interest

Generally, post-judgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment.  *Andrulonis v. United States*, 26 F.3d 1224, 1230 (2d Cir. 1994).  Plaintiffs who prevail on a federal claim are entitled to post-judgment interest on all money awards.  *See Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2d Cir. 1998).  Consideration of post-judgment interest is governed by 28 U.S.C. § 1961(a), which states in pertinent part as follows:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.  Interest shall be computed daily to the date of payment, and shall be compounded annually.

28 U.S.C. § 1961(b).  For an award of post-judgment interest, the Court must utilize the rate of interest specified in 28 U.S.C. § 1961(a).  *See e.g. Westinghouse Credit Corp v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004) ("Section 1961 of Title 28 provides a uniform rate at which post-judgment interest is to accrue on civil money judgments recovered in federal district court.").

### D.    Legal Standard Governing Request for Costs

Generally, costs include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *see also United States for Use and Benefit of Evergreen Pipeline Const. Co. v. Merritt-Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (denying recovery for lack of documentation of what was copied and the number of copies made); *LV v. New York City Dept. of Educ.*, 700 F. Supp.2d 510, 528 (S.D.N.Y. 2010) (ruling that "meals and hand deliveries are not compensable.").  However, where those costs have already been waived because the party filing for them is the United States of America, they are typically unrecoverable.  *See, infra,* Part III.B.4. of this Decision and Order.

### E.    Legal Standard Governing Request for Attorney's Fees

Rule 54(d) of the Federal Rules of Civil Procedure confers on federal courts the ability to award attorney's fees to the prevailing party when directed by federal statute or the civil rules.  Fed. R. Civ. P. 54(d).  In addition, 34 C.F.R. 682.507(f)(1) states, in its pertinent part, as follows: "If a loan [under the Federal Family Education Loan Program] is in default and the lender determines that the borrower ... has the ability to repay the loan, the lender may bring suit against the borrower ... to recover ... reasonable attorneys' fees."  34 C.F.R. 682.507(f)(1).  Furthermore, 34 C.F.R. 30.60(a)(8) states, in pertinent part, as follows: "The Secretary may charge a debtor for the costs associated with the collection of a particular debt [under the William D. Ford Federal Direct Loan Program].  These costs include ... attorney fees."  34 C.F.R. 30.60(a)(8).

In deciding whether or not to award attorney's fees under either federal regulation mentioned above, there is a two-step analysis that courts must employ.  First, "the party must be a prevailing party . . . ."  *Pino v. Locasio*, 101 F.3d 235, 237 (2d Cir. 1996) (internal quotations

and citations omitted).  "[T]he requested fee must also be reasonable." *Pino*, 101 F.3d at 237

(internal quotations and citations omitted).

### F.    Legal Standard Governing Unopposed Motions

In this District, a movant's burden with regard to an unopposed motion is lightened such

that, in order to succeed, the movant need only show its entitlement to the relief requested in its

motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R.

7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the

moving party has met its burden to demonstrate entitlement to the relief requested therein . . . .");

*Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009)

(Suddaby, J.) (collecting cases).[2]

## III.   ANALYSIS

### A.    Default Judgment on Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that

Plaintiff has met its modest threshold burden in establishing entitlement to a partial default

judgment against Defendant with regard to his liability for the claims against him.  The Court

notes that Plaintiff's amended motion would survive even the heightened scrutiny appropriate on

a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court

finds that due notice of this action has been given to Defendant.  However, no Answer has been

filed, and no one has appeared on behalf of Defendant.  In addition, the Clerk of the Court has

---

[2]    *Cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

already entered default against Defendant, and Plaintiff has served Defendant with its amended motion for the issuance of default judgment.  However, Defendant still has not responded to the amended motion or appeared in this action.

Finally, the Court finds that the factual allegations of the Complaint (together with the record evidence attached to the Complaint) are sufficient to state a claim upon which relief can be granted.  (Dkt. No. 1, Attach. 1, 2.)  *See also W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For these reasons, the Court grants Plaintiff's amended motion for the issuance of a default judgment with regard to its claims pursuant to Fed. R. Civ. P. 55(b).

**B.      Default Judgment on Damages**

**1.      Plaintiff's Request for Damages in the Amount of the Outstanding Principal Balances on Loans 1 and 2**

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that it is entitled to recover the following outstanding principal balances on Loans 1 and 2: (1) an outstanding balance of $5,511.23 on Loan 1; and (2) and outstanding balance of $3,681.79 on Loan 2.  After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest burden of establishing a valid basis for recovering the outstanding principal balance it seeks under the circumstances.  The Court notes that, while a hearing to fix the amount of damages may be conducted pursuant to Fed. R. Civ. P. 55(b), a hearing is not required where the court has found that there is a basis for the damages specified in the default

judgment.[3]  Here, the Court has made such a finding.

For example, in support of its request for the outstanding principal balance, Plaintiff has provided, *inter alia*, two Certificates of Indebtedness regarding Plaintiff executed by a representative of the United States Department of Education on July 5, 2010, and July 6, 2010. (Dkt. No. 1, Attach. 1, 2.)  More specifically, this sum consists of $5,511.23 in outstanding principal on Loan 1, and $3,681.79 in outstanding principal on Loan 2.  (*Id.*)  As a result, the Court finds that Plaintiff has met its burden of establishing a valid basis for recovering the outstanding principal balance on Loans 1 and 2.

For these reasons, Plaintiff is awarded $9,193.02 in outstanding principal on Loans 1 and 2.

### 2.      Plaintiff's Request for Pre-Judgment Interest on Loans 1 and 2

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that it is entitled to recover the following prejudgment interest with regard to the outstanding principal balances on Loans 1 and 2: (1) prejudgment interest at a rate of 2.47 percent per year from June 12, 2003, to the date of judgment, with regard to the outstanding principal balance on Loan 1; and (2) prejudgment interest at a rate of 2.47 percent per year from February 22, 2003, to the date of judgment, with regard to the outstanding principal balance on Loan 2.  After carefully

---

[3]      *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest burden of establishing a valid basis for recovering the prejudgment interest it seeks under the circumstances.  For example, in support of its request for prejudgment interest, Plaintiff has provided, *inter alia*, two Certificates of Indebtedness regarding Plaintiff executed by a representative of the United States Department of Education on July 5, 2010, and July 6, 2010. (Dkt. No. 1, Attach. 1, 2.)

The Court would only add the following two points.  First, according to Exhibits A and B to Plaintiff's Complaint, interest was to accrue on the outstanding principal balances on Loans 1 and 2 at a rate of 2.47 percent per year through June 30, 2011, "and thereafter at such rate as the Department [of Education] establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a."  (Dkt. No. 1, at Exs. A-B.)  Plaintiff's counsel does not identify the post-June 30 rate established by the Department of Education.  (*See generally* Dkt. Nos. 1, 6, 7.)  However, the Court is not inclined to punish the United States (for the deficiency of its counsel) by awarding it no post-June 30 interest.  Because it appears to the Court that the pre-June 30 rate of 2.47 percent is less than the post-June 30 rate under 20 U.S.C. § 1077a, the Court calculates Plaintiff's prejudgment interest after June 30, 2011, at the same rate that the Court calculates Plaintiff's prejudgment interest before June 30, 2011: 2.47 percent per year.

Second, applying that rate of 2.47 percent, the Court calculates the prejudgment interest as follows.  With regard to Loan 1, Plaintiff is owed prejudgment interest on the outstanding balance of $5,511.23 at a rate of 2.47 percent per year for 3,303 days (i.e., June 12, 2003, to June 27, 2012), amounting to $1,231.86.  With regard to Loan 2, Plaintiff is owed prejudgment interest on the outstanding balance of $3,681.79 at a rate of 2.47 percent per year for 3,413 days (i.e., February 22, 2003, to June 27, 2012), amounting to $850.35.

For these reasons, Plaintiff is awarded $2,082.21 in prejudgment interest on Loans 1 and 2.

### 3.    Plaintiff's Request for Filing Fees and Service-of-Process Fees

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that it is entitled to recover filing fees and service-of-process fees under either Local Rule 54.1 of the Local Rules of Practice for this Court or 31 U.S.C. § 3717(e).  After carefully considering the matter, the Court rejects Plaintiff's argument for the recovery of filing fees, but accepts Plaintiff's argument for the recover of service-of-process fees.

More specifically, with regard to Plaintiff's request for the recovery of the Court's filing fee, it is true that "[a] judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title."  28 U.S.C. § 2412(a)(2).[4]  However, that rule is permissive rather than mandatory in nature.  (*Id.* [using words "may include" not "shall include"].)  Clearly, under the rule, courts retain the discretion to deny a motion for a judgment for costs equal to a filing fee where the filing fee was never actually paid.  *See, e.g., U.S. v. Anthony*, 09-CV-1163, 2010 WL 681359, at *2 (N.D.N.Y. Feb. 24, 2010) (McAvoy, J.) ("The docket does not reflect that the Plaintiff paid a filing fee.  Accordingly, the Court will not award costs at this time."), *accord, U.S. v. Maye*, 09-CV-1164, 2010 WL 681396, at *2 (N.D.N.Y. Feb. 24, 2010) (McAvoy, J.).[5]  Here, the docket does not reflect that Plaintiff paid the filing fee.  (*See generally* Docket

---

[4]      The Court notes that 31 U.S.C. § 3717(e) does not expressly regard the recovery of a "filing fee" but "the cost of processing and handling a delinquent claim."  31 U.S.C. § 3717(e).  In any event, 31 U.S.C. § 3717(e), like Local Rule 54.1 , requires that the cost was incurred for it to be recovered by the plaintiff.

[5]      *See also U.S. v. Bowlby,* 07-CV-0606, 2008 WL 3245467, at *1 (M.D. Fla. Aug. 7, 2008) ("The United States did not pay a filing fee in this case, even though represented by private counsel. Therefore the $150.00 will not be permitted."); *U.S. v. Burns*, 92-CV-6593,

Sheet [reflecting no receipt for such a filing fee].)  This is not surprising given that, generally, clerks of the United States district courts normally do not require the United States, as a party in any civil action, to pay a filing fee.[6]

With regard to Plaintiff's request for the recovery of its service-of-process fee, Plaintiff's counsel does not include in its motion, or amended motion, documentation supporting its argument that it incurred these fees or that they amount to $55.00.  This is disappointing, given that the Clerk of the Court specifically recommended to Plaintiff's counsel that he include in Plaintiff's motion papers a record of Plaintiff's expenses to be considered by the Court.

---

1992 WL 247438, at *1 (S.D. Fla. Sept. 14, 1992) ("Because the United States has not actually incurred the cost of the filing fee, the United States, as the prevailing party, is not entitled to tax the cost of the filing fee. . . .  Thus, this Court DENIES the United States' request to tax the filing fee that the United States never paid.") [citation omitted]; *U.S. v. Spann*, 797 F. Supp. 980, 982 (S.D. Fla. Aug. 14, 1992) ("To allow the government to recover 'something,' the clerk of court's filing fee, when it has done 'nothing,' actually pay a filing fee, would result not only in an illogical and inequitable result from the perspective of a non-prevailing party, but also undermines the notion that the federal court system gives private litigants 'a fair shake' when involved in actions with the government."); *U.S. v. Orenic*, 110 F.R.D. 584, 586 (W.D. Va. 1986) (holding that the government, as prevailing party, was not entitled to taxation as cost of filing fee which it had never actually paid, despite contention that it had constructively paid the fee through payment of clerk's salary).

[6]      *See U.S. v. Bennett*, 09-CV-1242, 2010 WL 185105, at *3, n.1 (M.D. Fla. Jan. 19, 2010) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Cook*, 08-CV-0680, 2008 WL 4935942, at *4, n.1 (M.D. Fla. Nov. 18, 2008) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Baron*, 08-CV-0414, 2008 WL 4459074, at *3, n.1 (M.D. Fla. Sept. 30, 2008) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Burns*, 92-CV-6593, 1992 WL 247438, at *1 (S.D. Fla. Sept. 14, 1992) ("The clerks of the United States District Courts, however, have not required the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Spann*, 797 F. Supp. 980, 981 (S.D. Fla. Aug. 14, 1992) ("[T]he clerks of the United States District Courts have not required the government, as a party in any civil action, to pay a filing fee, pursuant to 28 U.S.C. § 1914(a), since even before the undersigned was born.") [citation omitted]; *see also* 28 U.S.C. § 2412(a)(2) ("A judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title. *The preceding sentence shall not be construed as requiring the United States to pay any filing fee*.") [emphasis added].

(*Compare* Text Notice filed Feb. 29, 2012, *with* Dkt. No. 7.)  However, again, the Court is not inclined to punish the United States for the deficiency of its counsel.  The Court takes judicial notice of the fact that Plaintiff served its Complaint on Defendant with the assistance of North American Process Serving, LLC.  (Dkt. No. 3.)  The Court finds that $55.00 is a reasonable service-of-process fee, especially given the distance between the process server's main office (in Williamsville, New York) and Plaintiff's residence (in Pulaski, New York).

For these reasons, Plaintiff is awarded $55.00 in service-of-process fees.

### 4.    Plaintiff's Request for Attorney's Fees

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that attorney's fees should be awarded because (1) Defendant signed a promissory note obligating him to pay attorney's fees, and (2) the United States of America has agreed to pay Plaintiff's counsel a contingent fee of 30.0% on all amounts collected in this matter.

After carefully considering the matter, the Court rejects Plaintiff's argument.  The Court would add only the following five brief points.

First, Plaintiff's counsel does not attach a copy of the promissory note that purportedly obligates him to pay attorney's fees.  Again, this is disappointing, given that the Clerk of the Court provided him an opportunity to supplement his motion papers.  (*See* Docket Entry filed Feb. 27, 2012, *and* Text Notice filed Feb. 29, 2012.)

Second, Plaintiff's counsel does not submit a record of his hours worked and billable rate, despite having been directed to do so by the Clerk of the Court.  (*Compare* Text Notice filed Feb. 29, 2012, *with* Dkt. No. 7.)

Third, Plaintiff's counsel does not support Plaintiff's motion with a memorandum of law, despite having been directed to do so by the Clerk of the Court.  (*Compare* Docket Entry filed Feb. 27, 2012, *and* Text Notice filed Feb. 29, 2012, *with* Dkt. No. 7.)  Rather, in support of his

amended motion, Plaintiff's counsel resubmitted the application he submitted in support of

Plaintiff's original motion, with the words "Memorandum of Law" inserted into the title.  (Dkt.

No. 7.)  Plaintiff's newly entitled application does not satisfy the requirements of a memorandum

of law, most notably, the requirement that the memorandum of law (1) specify the case law

and/or regulations upon which the motion is based (including the regulations cited above in Part

II.D. of this Decision and Order), and (2) contain a table of contents.  N.D.N.Y. L.R. 7.1(a)(1).

Fourth, the fact that Plaintiff has agreed to pay its counsel a 30 percent contingency fee

does not necessarily mean that the fee is *reasonable* such that Plaintiff may recover that fee from

Defendant.  *See Eng'rs Joint Welfare Fund v. W. New York Contractors, Inc.*, 09-CV-0417, 2011

WL 7430997, at *2 (N.D.N.Y. Feb. 28, 2011) (Suddaby, J.) ("[T]he fact that counsel's time

entries are sufficient for Plaintiffs does not control whether those time entries are sufficient for

purposes of a motion for attorneys' fees . . . .").

Fifth, given the quality of Plaintiff's motion papers, the Court doubts that the numbers of

hours worked multiplied by a reasonable rate equals the amount of attorney's fees requested by

Plaintiff's counsel ($3,420.68).  Plaintiff's counsel is advised that, if he continues to submit, in

this Court, requests for attorney's fees and filing fees that are wholly unsubstantiated by the

record and legal authority, he may be directed to show cause as to why sanctions should not be

imposed under Fed. R. Civ. P. 11.

For these reasons, Plaintiff's request for attorney's fees is denied.

### 5.      Plaintiff's Request for Post-Judgment Interest on Loans 1 and 2

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that it is

entitled to recover post-judgment interest on Loans 1 and 2 pursuant to 28 U.S.C. § 1961.  The

Court accepts Plaintiff's unopposed argument for the reasons stated in its motion papers; and, in

accordance with Part II.C., the Court awards Plaintiff post-judgment interest on Loans 1 and 2 at

a "rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961.

Here, the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment is 0.188 percent.  *See* Board of Governors of the Federal Reserve System's Selected Interest Rates, http://www.federalreserve.gov/releases/h15/current/ (last visited June 27, 2012).

For these reasons, Plaintiff is awarded post-judgment interest at the rate of 0.188 percent per year.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended motion for default judgment pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 7) is **GRANTED in part** and **DENIED in part** in the following respects:

> (1) Plaintiff's request for a default judgment with regard to its claims pursuant to Fed. R. Civ. P. 55(b) is **GRANTED**;
>
> (2) Plaintiff's request for an award of outstanding principal on Loans 1 and 2 is **GRANTED**, and Plaintiff is awarded **NINE THOUSAND ONE HUNDRED NINETY-THREE DOLLARS AND TWO CENTS ($9,193.02)** in such outstanding principal;
>
> (3) Plaintiff's request for an award of prejudgment interest on the outstanding principal with regard to Loans 1 and 2 is **GRANTED**, and Plaintiff is awarded **TWO THOUSAND EIGHTY-TWO DOLLARS AND TWENTY-ONE CENTS ($2,082.21)** in such prejudgment interest;

(4) Plaintiff's request for service-of-process fees in the amount of **FIFTY-FIVE DOLLARS AND ZERO CENTS ($55.00)** is **<u>GRANTED</u>**;

(5) Plaintiff's request for an award of filing fees is **<u>DENIED</u>**;

(6) Plaintiff's request for an award of attorney's fees is **<u>DENIED</u>**;

(7) the total money judgment awarded to Plaintiff is **ELEVEN THOUSAND THREE HUNDRED THIRTY DOLLARS CENTS AND TWENTY-THREE CENTS ($11,330.23)**; and

(8) Plaintiff's request for an award of post-judgment interest on the total money judgment is **<u>GRANTED</u>**, and Plaintiff is awarded such post-judgment interest at a rate of 0.188 percent per year, pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED** that the Clerk of the Court shall enter a Judgment accordingly, and close this case.

Date:   June 27, 2012
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge